## TEAM v. BAUM.

MORTGAGE—SALE UNDER POWER—REMEDY—ACTION—REAL PROPERTY—DEED—CASES CRITICISED.—Where a mortgagee sells a tract of land under power of sale in the mortgage, after conveyance by the mortgagor to a third party, the purchaser at such sale cannot maintain an action against the purchaser from the mortgagor for the possession of the land. *Mitchell* v. *Bogan*, 11 Rich., 686, and *Dendy* v. *Waite*, 36 S. C., 569, *criticised.*

Before GARY, J., Camden, March, 1896. Affirmed.

Action by T. R. Team against M. Baum, trustee of H. F. Boykin, for possession of real estate.

The following is the decree of the Circuit Judge:

The complaint in this action seeks to recover the possession of a certain tract of land situate in Kershaw County. By a consent order, "the issues of law and fact were referred to T. J. Kirkland, Esq., as special master, to report thereon to the Court." After the plaintiff had developed his case, a motion was made to dismiss the complaint by defendant's counsel. The special master has filed his report, dismissing the complaint, in which his reasons are clearly and tersely stated. The case was heard by me at the February term (1896) of the Court of Common Pleas for Kershaw County upon exceptions to the report of the special master. The facts as found by the master are as follows: On the 16th day of November, 1893, J. B. Nelson executed to B. G. Team a mortgage of the premises described in the complaint, with

a power in said mortgage authorizing and empowering the said B. G. Team to sell said premises in case of non-payment of the debt secured by said mortgage after it matured. This mortgage was regularly recorded in the proper office on the 13th of December, 1893. On the 28th day of November, 1893 (subsequent to the execution of said mortgage), the said J. B. Nelson executed an absolute deed of conveyance, conveying the same tract of land to the defendant, M. Baum, as trustee, in satisfaction of a prior mortgage debt thereon held by said Baum. On the first Monday in February, 1894, under the power contained in said mortgage, the said B. G. Team, at public outcry, sold the land in the regular way, at which sale the same was bid off by the plaintiff, Mrs. T. R. Team, for the sum of five dollars, and a conveyance thereof was executed to her in the name of the mortgagor, J. R. Nelson, by the mortgagee, B. G. Team, his attorney in fact, on the 7th day of February, 1894. It should have been stated that the defendant, Baum, trustee, went into possession of the premises immediately upon the execution of the deed, and was in possession at the commencement of this action, and is still in possession of the same. The exceptions raised the question of law, in whom is the fee simple title to the land in dispute? Or, in other words, did the sale under the power contained in the mortgage executed to B. G. Team have the effect to convey such a title as would defeat the formal deed of conveyance executed by the mortgagor, J. B. Nelson, prior to the sale under the power? I agree with the special master that it did not. It will not be questioned that in this State the execution of the mortgage to Team, even with the power of sale, did not have the effect of passing the title to the land out of Nelson. The fee was still in him, and this being the case, he could convey the same by his deed, which he did in this case to defendant Baum. Baum then went into possession of the premises as the owner in fee, subject to the lien of Team's mortgage. Did the sale under the power have the effect of defeating this title? I think not. The point turns upon

the principle of principal and agent. Team was the agent of Nelson, with no greater power than Nelson had. As long as the fee was in Nelson, his agent, Team, could convey. · But the moment the fee passed out of Nelson, there was nothing upon which the power could operate. As stated in the case of *Johnson* v. *Johnson*, 27 S. C., 309, if the mortgagor die before the sale is made under the power, the power becomes inoperative, for the reason that the title has passed out of the mortgagor by operation of law. The statute of distribution passes the title to his next of kin, heirs at law. At the death of the parties, the status of title is changed by operation of law. And in this instance the status is changed by the act of the party. He certainly would be permitted to do while alive that which the statute would do for him if dead. By his death, his heirs at law could acquire no greater interest than he had while living.

It is contended, however, that this is a power coupled with an interest, and is not revocable by the act of the party creating the power. In *Johnson* v. *Johnson*, previously cited, the Supreme Court decided that such was not a power coupled with an interest. The power is not revoked by the deed, but, as was said above, there is nothing upon which it can operate, the fee having passed out of the mortgagor. Besides, the defendant, Baum, certainly has some equity in the case, and to hold that the mortgagee by a sale under the power could convey such a title as to defeat the rights of Baum, would be giving to such power more force than a decree in equity could give. Even the Court of Equity, if Team went into the Court to have his rights determined, could not order a sale that would defeat Baum's equity, unless he was a party to the suit. And yet to sustain this title under the power would have that effect. It is, therefore, ordered, that the report of the special master be confirmed, and the exceptions thereto overruled.

The plaintiff appeals on the following grounds: 1. That his Honor erred in holding that the sale and conveyance under the power of sale in the mortgage did not vest such

title in the plaintiff as would sustain this action. 2. That his Honor erred in holding that such sale and conveyance did not divest the title of M. Baum, trustee, derived from J. B. Nelson, the mortgagor. 3. That his Honor erred in holding that if the conveyance by Nelson to Baum, trustee, operated to defeat the power to sell, the same was not a revocation of the power. 4. That his Honor erred in holding that what is done by operation of law can be done by the act of the parties. 5. That his Honor erred in overruling the exceptions of plaintiff and sustaining the report of the special master.

*Messrs. J. T. Hay* and *B. B. Clarke*, for appellant, cite: 11 Rich. Law, 686; Dendy v. Waite, 36 S. C., 569; 27 S. C., 316; 40 S. C., 500.

*Mr. W. M. Shannon*, contra, cites: Rev. Stat., 1893; 11 Rich., 704; 37 S. C., 309; 2 Wash., p. 69, sec. 3, p. 76, sec. 9; 101 Mass., 78; 2 Jones on Mtgs., sec. 1773; 1 Hilliard on Mtgs., 118, 128; Wiltsie on Mtg. Foreclosure, 145, 314; 14 S. C., 152; 36 S. C., 569.

July 31, 1896. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. This was an action to recover posession of real estate, and by a consent order it was referred to T. J. Kirkland, Esq., as special master, to hear and determine all the issues in the action. The special master took the testimony, which is set out in the "Case," and made his report, finding that the complaint should be dismissed. To this report the plaintiff excepted, and the case was heard by his Honor, Judge Ernest Gary, upon this report and the exceptions thereto, who rendered a decree overruling the exceptions and confirming the report of the special master. From this judgment plaintiff appeals upon the several grounds set out in the record; which decree, with the exceptions thereto, should be incorporated in the report of this case.

The facts of the case are undisputed, and may be briefly

stated as follows: On the 16th of November, 1893, one J. B. Nelson, then being the owner of the land in controversy, executed a mortgage on the same to one B. G. Team, which mortgage was duly recorded on the 13th of December, 1893. This mortgage contained the usual power of sale, authorizing the said B. G. Team to sell the mortgaged premises upon default in payment of the debt secured thereby. In the exercise of this power, the said B. G. Team, on the 7th day of February, 1894, offered the premises for sale at public outcry, and the same were bid off by Mrs. T. R. Team, the plaintiff, for the sum of $5, and she having complied with the terms of the sale, the property on the same day was conveyed to her by the mortgagor, Nelson, through his attorney in fact, B. G. Team. In the meantime, however, to wit: on the 28th of November, 1893, the land in question was duly conveyed to the defendant, Baum, as trustee, by said J. B. Nelson, in satisfaction of a prior mortgage held by said Baum, and the said Baum, through his tenant, immediately went into possession of the said premises, and still retains the same. From this state of facts the question arises, in whom was the legal title to the land at the time of the commencement of this action, or, as the Circuit Judge expresses it, the practical inquiry is: "Did the sale under the power contained in the mortgage executed to B. G. Team have the effect to convey such a title as would defeat the formal deed of conveyance executed by the mortgagor, J. B. Nelson, prior to the sale under the power?" We agree entirely with the view taken both by the special master and the Circuit Judge, that the legal title was and still is in the defendant, Baum, and hence there was no error in dismissing the complaint.

It is somewhat difficult to add anything to what has been so well said by the Circuit Judge in vindication of his conclusion. It is conceded by both parties that the legal title was originally in J. B. Nelson, and the test is to inquire when and to whom did such legal title first pass from Nelson? Since the act of 1791, which has been construed in

so many cases—amongst the more recent of which are the cases of *Simons* v. *Bryce*, 10 S. C., 354, and *Warren* v. *Raymond*, 12 S. C., 9—it is quite certain that the legal title did not pass from Nelson by his mortgage to B. G. Team, even though that mortgage contained a power of sale; for, as was said in *Warren* v. *Raymond*, *supra*, at page 25, in considering the question when a mortgage on real: estate would operate as an alienation: "The fact that the mortgage contains a power of sale in case of default is unimportant; it must appear that such power of sale has been effectually exercised in order to produce that result." From this it follows that a mortgage, even though it contains a power of sale, does not pass the legal title until such power is exercised; and as the undisputed fact in this case is that the power of sale was not exercised until after the legal title had passed from Nelson into Baum by his absolute conveyance, the inevitable consequence is that the legal title to the premises in question is in Baum—subject, of course, to any lien thereon which the mortgage to B. G. Team may give to the holder thereof; and hence B. G. Team's remedy, if he has any, is by a proceeding to foreclose his mortgage, and not by any attempted sale of all the right, title, and interest of said Nelson in the premises, on the 7th of February, 1894, after all such right, title, and interest had previously passed out of Nelson into Baum by the absolute conveyance thereof to Baum by Nelson on the 28th of November, 1893.

There can be no doubt that if a mortgagor, while still retaining the legal title, as he unquestionably does, under the act of 1791, should make an absolute conveyance of the mortgaged premises to a third person, and afterwards undertake to convey the same premises to another, the title of the latter would be subordinate to that of the former. If so, we are unable to perceive why the result should be different, where the second conveyance, instead of being made directly by the mortgagor, is made by his attorney in fact under a power of sale contained in the mortgage; for to so hold would be to attribute to the agent greater

power than that possessed by the principal. These views, in addition to those presented by the Circuit Judge in his decree, which need not be repeated here, are, as it seems to us, conclusive of the question we are called upon to determine.

It only remains to consider the cases cited by apppellant's counsel. The first of these cases is *Mitchell* v. *Bogan*, 11 Rich., 686, in which a remark made by O'Neall, J., in his report of the trial on circuit, is cited for the purpose of showing that that great Judge would have sustained the title of the plaintiff in this case. But besides the fact that such remark was made by the Circuit Judge in his report of the case for the appeal court, and could not, therefore, have the force of law, it is very obvious from the language used by Judge O'Neall in the paragraph immediately preceding that from which the quotation relied upon is taken, that he did not intend to express any such idea as that attributed to him by counsel for appellant. His entire language was as follows: "I thought, as the mortgagor was out of possession, and a third person was in the possession, that the mortgagee might maintain trespass to try titles. I did not rely at all on the plaintiff's sale and purchase, *inasmuch as he bought himself.* But if he had sold and conveyed to a third person, *under the power in his mortgage,* I should have held such sale and conveyance good." Inasmuch as it did not appear when the deed to Williams *was delivered,* whether before or after the sale to Bogan under the power contained in the mortgage, it is manifest that Judge O'Neall could not have intended, even by such passing remark, to convey the idea attributed to him by counsel for appellant. But inasmuch as it did appear that the deed was not delivered until after the mortgage was executed, and inasmuch as, under the law as it then stood, a mortgage operated as a transfer of the legal title where the mortgagor was out of possession, as was the fact in that case, it was held not only by Judge O'Neall, but by the Court of Appeals also, that the mortgagee held the superior legal title. It is

clear, from an examination of that case, that no such question as that presented here was either decided or considered in that case. So, also, in the case of *Dendy* v. *Waite*, 36 S. C., 569, no such question as that presented here was either decided or considered. The case seems to have been cited for the purpose of introducing a quotation from certain language used in that opinion, which is itself a quotation from the previous case of *Robinson* v. *Amateur Association*, 14 S. C., at page 152. The language quoted is as follows: "A sale under such a power is equivalent to a sale and purchase under a decree in equity, and will cut off all right of redemption, provided the mortgagee faithfully discharge, in all respects, the duties imposed upon him as donee of the power." The purpose of this language, as used in both of those cases, was simply to recognize the right of a mortgagee to sell lands under a power contained in a mortgage, provided he follows strictly the duties imposed upon him as the donee of such a power. The object in creating such a power is to enable the mortgagee to sell all the right, title, and interest of the mortgagor in the mortgaged premises; but if the mortgagor, before such power is exercised, divests himself, by a legal conveyance, of all his right, title, and interest in the mortgaged premises, as he unquestionably has a right to do, there is nothing left upon which such power can be exercised, and any attempted exercise of it becomes utterly nugatory. In such a case the only remedy left for the mortgagee is to invoke the aid of the Court of Equity, which, by bringing in the purchaser from the mortgagor as a party, may enforce the lien of the mortgage by a sale of the mortgaged premises, and protect the rights of all parties concerned. It seems to us, therefore, that in no view of this case was there any error on the part of the Circuit Judge.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.